**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BILLY OKPAKO, | : | Civil No. 05-1258 (GEB) |
| Petitioner, | : | |
| v. | : | RECEIVED |
| WARDEN FASSER, et al., | : | APR 19 2005 |
| Respondents. | : | AT 8:30 ___<br>WILLIAM T. WALSH<br>CLERK |

- and -

| | | |
|---|---|---|
| HENRY BILLY OKPAKO, | : | Civil No. 05-1493 (GEB) |
| Petitioner, | : | |
| v. | : | |
| IMMIGRATION AND CUSTOMS ENFORCEMENT (ICE), et al., | : | |
| Respondents. | : | |

**APPEARANCES:**

    BILLY OKPAKO, Petitioner, pro se
    # A-97 510 778
    Monmouth County Correctional Institution
    One Waterworks Road
    Freehold, New Jersey  07728

**BROWN, JR., District Judge**

    These consolidated matters come before the Court on Petitioner's application for a stay of removal from the United States pending habeas review.  For the reasons set forth below,

the Court will deny Petitioner's request for a temporary stay of removal.

## BACKGROUND

Petitioner, Billy Okpako ("Okpako"), is an immigration detainee currently confined at the Monmouth County Correctional Institution in Freehold, New Jersey, awaiting deportation from the United States. He filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging his final order of removal on the grounds that (1) he is entitled to cancellation from removal under Section 240A(b) of the Immigration and Nationality Act ("INA"), (2) there are several factual inaccuracies in the immigration record, which if corrected would entitle petitioner to relief from removal; and (3) that he was the "victim" of ineffective assistance of counsel during his removal proceedings. He further states that his application for asylum and protection under the United Nations Convention Against Torture ("CAT") were not properly reviewed, and that he is subject to torture if returned to Nigeria.

The following factual allegations are taken from the Petition and are accepted as true for purposes of this review.

Okpako is a native of Nigeria, born there on September 19, 1959. He came to the United States in February 1989 and was allowed to stay for a period of three months. Okpako subsequently overstayed his visa. On December 2, 2003, Okpako

was taken into the custody of the Bureau of Immigration and Customs Enforcement ("BICE"). He was represented by retained counsel and appeared before an Immigration Judge ("IJ") in New York. Okpako's counsel petitioned the IJ for a voluntary departure without first consulting Okpako. Okpako claims that he would have been entitled to seek an adjustment of status under INA §§ 245 or 245(I).

Acting pro se, Okpako filed for cancellation of removal under INA § 240A(b), 8 U.S.C. § 1229b(b).[1] The IJ denied the relief, stating that petitioner did not qualify for cancellation under INA § 240A(b) because of Okpako's conviction for criminal

---

[1] Section 1229b(b)(1) provides:

> The Attorney General may cancel removal of, and adjust to the status of an alien lawfully admitted for permanent residence, an alien who is inadmissible or deportable from the United States if the alien --
>
> (A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application;
>
> (B) has been a person of good moral character during such period;
>
> (C) has not been convicted of an offense under section 1182(a)(2), 1227(a)(2), or 1227(a)(3) of this title (except in a case described in section 1227(a)(7) of this title where the Attorney General exercises discretion to grant a waiver); and
>
> (D) establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.

contempt. However, the IJ adjourned the proceeding to allow Okpako and the BICE to confirm Okpako's claim that he had lawfully entered the United States in February 1989. The proceeding reconvened one week later and the BICE was unable to locate any record of petitioner's alleged lawful entry into the U.S. in 1989. Okpako alleges that he was admitted under his full name, Henry Billy Okpako. He further states that his date of birth on record with the BICE and the IJ is incorrect. Despite the alleged factual inaccuracies as claimed by petitioner, the IJ held that Okpako was subject to removal under 8 U.S.C. § 1227(a)(2)(E)(ii), and as such, was ineligible for cancellation of removal.

Okpako asks that the BICE be ordered to produce all records of petitioner with his correct birth date of September 19, 1959; and that his bank records be subpoenaed to prove his date of birth. He also claims that his counsel was ineffective because he failed to diligently pursue the records of petitioner's actual admission to the United States, and petitioner's birth date.

## II. ANALYSIS

A. <u>Standard for Determining a Request for a Stay of Removal</u>

The proper standard for determining a motion to stay removal of an alien pending judicial review is the traditional four-part test used for adjudicating a motion for preliminary injunction: the petitioner must demonstrate "(1) a likelihood of success on

the merits of the underlying petition; (2) that irreparable harm would occur if a stay is not granted; (3) that the potential harm to the moving party outweighs the harm to the opposing party if a stay is not granted; and (4) that the granting of the stay would serve the public interest." Douglas v. Ashcroft, 374 F.3d 230, 233 (3d Cir. 2004).

It is well established that aliens in removal proceedings are entitled to due process under the Fifth Amendment to the U.S. Constitution. See Demore v. Kim, 538 U.S. 520 (2003); Reno v. Flores, 507 U.S. 292 (1993). See also Xu Yong Lu v. Ashcroft, 259 F.3d 127, 132 (3d Cir 2001)(alien at deportation hearing has right to counsel); Chlomos v. INS, 516 F.2d 310, 313 (3d Cir. 1975)(alien entitled to due process in deportation proceedings). The right to counsel during removal proceedings is statutorily and constitutionally grounded. Under INA § 240(b)(4), an alien has the right to counsel in deportation proceedings at no cost to the Government. The Fifth Amendment also provides support for right to counsel in its guarantee of due process. Ponce-Leiva v. Ashcroft, 331 F.3d 369, 374 (3d Cir. 2003); Upsango v. Ashcroft, 289 F.3d 226, 231 (3d Cir. 2002); Chmakov v. Blackmman, 266 F.3d 210, 216 (3d Cir. 2001). However, even assuming arguendo that Okpako presented a colorable claim that he was deprived of the right to due process based on the ineffective assistance of

counsel during his removal proceedings, he is unable to demonstrate a likelihood of success on the merits.

B. <u>Evaluation of Request for Stay of Removal</u>

    1. *Likelihood of Success on the Merits*

Here, it does not appear likely that Okpako will prevail on a claim of ineffective assistance of counsel. A claim of ineffective assistance of counsel may constitute proper grounds for reopening a removal proceeding. <u>Esposito v. Immigration and Naturalization Service</u>, 987 F.2d 108, 110-11 (2d Cir. 1993). To prevail on such a claim, petitioner "must show that counsel's performance was so ineffective as to have impinged upon the fundamental fairness" of the immigration proceeding in violation of due process. <u>Rabiu v. I.N.S.</u>, 41 F.3d 879, 882 (2d Cir. 1994). To demonstrate a deprivation of "fundamental fairness", the petitioner must establish facts to show that (1) competent counsel would have acted otherwise; and (2) that petitioner was prejudiced by his counsel's performance. <u>Id</u>.

In this case, it appears doubtful that Okpako can show prejudice from his counsel's claimed deficient performance with respect to obtaining records of petitioner's birth date and his actual entry into the United States. Neither fact as asserted by Okpako would serve to dislodge the IJ's finding that cancellation of removal is unavailable to Okpako because he is subject to

removal due to his conviction for criminal contempt pursuant to INA § 237(a)(2)(E)(ii).

Further, there are insufficient facts alleged with respect to petitioner's claim that he is entitled to asylum or a withholding of removal under CAT based on his fear of torture if he is returned to Nigeria.

   *2.  Irreparable Harm to Okpako if Stay is Denied*

Okpako generally contends that if a stay of removal is denied in this case, he could face possible torture if returned to Nigeria. He provides no specific facts to support this claim. Moreover, Okpako fails to allege any family hardship or other harm.

Simply because Okpako may be deported, he is not precluded from maintaining his habeas action challenging the removal order. The Third Circuit has held that jurisdiction exists to review a removal order after the alien has been deported if the record reveals a colorable due process claim. See Chong v. I.N.S., 264 F.3d 378 (3d Cir. 2001); Gutierrez v. Ashcroft, 289 F. Supp.2d 555, 562 (D.N.J. 2003), aff'd on other grounds, 2005 WL 605409 (3d Cir., Mar. 16, 2005).

   *3.  Potential Harm to Respondents*

The continuing detention of Okpako while this petition is pending is an expense of government resources which poses a real financial injury to the government. Okpako is an alien found

subject to removal, pursuant to 8 U.S.C. § 1227(a)(2)(E)(ii), based on a conviction of criminal contempt.[2] Aside from a general, unsupported claim of torture if returned to Nigeria, Okpako articulates no real harm or hardship that would outweigh the potential harm to the Government.  Okpako also has alleged in his first petition that it is not likely that he will be removed in the near future.  Therefore, the balance of equities does not favor a stay of removal.

4. *Public Interest*

Finally, it is always in the public interest to ensure that any removal comports with the requirements of due process.  Nevertheless, as set forth above, the Court finds that the overall equities do not favor a stay of removal.  Therefore, denial of a stay of removal in this case would not necessarily disserve public interest.

---

[2] Section 1227(a)(2)(E)(ii) pertains to deportable aliens who have been ordered removed based on the criminal offense of violating a protection order involving the protection against credible threats of violence, stalking, or harassment of another.

### III.  CONCLUSION

In balancing the four factors regarding the issuance of a stay of removal, the Court concludes that the equities do not weigh in favor of petitioner. Therefore, the Court will deny petitioner's motion for a stay of removal pending the resolution of his habeas petition. An appropriate Order follows.

GARRETT E. BROWN, JR.
United States District Judge

Dated: *April 18, 2005*